# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF PLYMOUTH, OCTOBER TERM 1866, AT PLYMOUTH.

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. EBENEZER R. HOAR,
Hon. REUBEN A. CHAPMAN, } Justices.
Hon. JOHN WELLS,

---

### Peter G. Munroe *vs.* Josiah Holmes, Jr.

If an executor has made payments on account of the estate of his testator beyond the amount of funds in his hands, and dies before reimbursing himself, and the amount due to him has been ascertained upon a settlement of his account by his administrator in the probate court, and an administrator *de bonis non* of the testator has been appointed, who has no funds except such as have been received from the avails of real estate sold under license from the judge of probate, the remedy to obtain from these funds payment of the amount so found due to the executor is to cite in the administrator *de bonis non* to render his account, and to apply to the judge of probate for an order to the administrator *de bonis non* to pay the amount; and a refusal to comply with such order would furnish cause of suit upon the bond of the administrator *de bonis non*.

If such payments were lawful and just when made, the claim of the executor for reimbursement will not be barred by the lapse of time thereafter; but the question whether by reason of his laches or official misconduct the claim ought not to be paid may be determined upon the application to the judge of probate for the order to the administrator *de bonis non* to pay the same.

HOAR, J.   This case, which has been before us once in another form, (9 Allen, 244,) presents some novel questions.   It is an

appeal from a decree of the judge of probate, upon the petition of the administrator of the executor of the will of R. L. Barstow, against the administrator *de bonis non* with the will annexed of the same testator, seeking to obtain payment of the balance of the executor's account from the proceeds of real estate sold by the administrator *de bonis non* under a license to sell for the payment of debts, legacies and charges of administration. It has been already decided that this claim could not be recovered in an action at law. *Munroe* v. *Holmes*, 9 Allen, 244. And in giving that decision it was intimated that, if the plaintiff had any remedy, he must seek it in the probate court, under Gen. Sts. *c.* 101, § 22, which provides for a suit on an administrator's bond, when he has failed to perform his duty in any particular not before specified in that chapter, for the benefit of any person aggrieved thereby.

The executor's account has been settled in the probate court by the petitioner, his administrator, and a balance is found due to him from the estate, consisting of debts which he had paid, and charges of administration. If there had been any personal estate in his hands at the time of his decease, his administrator would of course have been allowed to retain it in satisfaction of his claim ; but there was none. If there were personal estate which had come into the hands of the respondent, it would be obviously equitable that it should be applied to satisfy the demand, and we should only need to consider the mode in which its application should be enforced ; but none has been received by him.

No specific mode appears to have been provided by our statutes, in which the account of a previous executor or administrator can be collected from an administrator *de bonis non.* A case which requires it is probably of very unfrequent occurrence. An original executor or administrator is not obliged to incur expenses beyond the means which are placed in his power to discharge them ; and he may and usually does protect himself by not permitting the estate to become his debtor. But circumstances may exist in which it is certainly not wrong in him, although it may not be a positive duty, to make advances for

the benefit of the estate which he administers; and where by his death or removal he may be unexpectedly deprived of the power to reimburse himself for these advances. Where they have been made in good faith, and for the benefit of the estate, we can have no doubt that they in some form become a charge upon the estate in the hands of the succeeding administrator; and that it is his duty to pay them as much as if they had been incurred in the course of his own administration.

The only assets in the hands of the administrator *de bonis non* are the proceeds of the real estate which he has sold under a license. Whether these should be applied to discharge the executor's balance of account we think depends upon the answer to the question, whether, at the time the sale of the real estate was made, the executor would have been entitled to obtain a license to sell it, for the purpose of paying that balance, if he had continued in life and in the execution of his trust. It is objected by the respondent that the bar of the statute of limitations has attached to all the debts which were paid by the executor; that if he had not paid them the creditors could not sue, or require the sale of real estate to pay them. But the executor does not merely stand in the place of the creditors whose debts he has paid. There is no special statute of limitations against the allowance of an executor's account. If the payment was lawful and just when he made it, it becomes an item in his account, and, as in the case of a debt due to him from his testator, is to be allowed him on settlement. Whether, after the lapse of time which bars suits against him, he shall be allowed to sell real estate to indemnify himself, depends upon the circumstances of the case. That a license to sell may be given him, if he has been guilty of no official misconduct, and the real estate remains in the same state as at the testator's death, without any division or conveyance by the heirs or devisees, has been often decided. *Allen, petitioner,* 15 Mass. 58. *Richmond, petitioner,* 2 Pick. 567. *Hudson* v. *Hulbert,* 15 Pick. 423. *Cooper* v. *Robinson,* 2 Cush. 184. *Palmer* v. *Palmer,* 13 Gray, 326. In some of these cases the license was refused, upon the ground of laches in the executor, or a change in the condition

of the estate which would make the granting of it inequi
table.

The respondent, representing the legatees, further objects that
the neglect of the executor to sell the real estate at the time he
obtained a license to do it was injurious to the estate, and a
neglect of duty ; that the real estate subsequently depreciated
in value, by reason of which they are subjected to loss.    If this
shall be established by proof, it will be an answer to the peti-
tioner's claim, and as effectual to bar his right to receive the
balance due him from the proceeds of the sale of the real estate
as it would have been to an application by the executor for a
license to sell the real estate under like circumstances.

In seeking for the form and method of remedy, there are some
difficulties which arise from the want of statute provisions ex-
pressly adapted to the case.    But on a full consideration we
think a remedy may be found under existing laws.    The admin-
istrator *de bonis non* must settle his account in the probate court.
If he neglects to do this, he may be cited by the representative
of the former executor to do so.    This seems to follow from the
reasoning of the court in *Wiggin* v. *Swett,* 6 Met. 194, 198.    On
the settlement of his account, he is of course to be allowed to
apply the assets in his hands first to defray his own charges of
administration ; and it is for this reason that the citation to ac-
count should precede any other action in the premises.    The
representative of the executor may then apply to the judge of
probate for an order to pay his account, and upon this applica-
tion will be the time for a hearing upon the question whether
the payment should be made from the proceeds of the real es-
tate.    If it shall then appear that the executor, in failing to sell
the real estate, acted in good faith, and in the reasonable exer-
cise of his judgment, for the benefit of all parties in interest, an
order should be passed that the administrator *de bonis non* pay
the account, or so much of it as he has the means to pay.    If
he was guilty of laches, or official misconduct, the order may be
refused.    If an order is made for the payment, a neglect or re-
fusal to comply with it would furnish a cause for a suit on the
administrator's bond, under Gen. Sts. *c.* 101, § 22.    It is one of

the conditions of an administrator's bond that he will "pay any balance remaining in his hands, upon the settlement of his accounts, to such persons as the court of probate shall direct;" and if with the will annexed, "that he will administer according to law," &c. This does not necessarily mean to pay to persons entitled under the statute of distributions merely, because, in the case of an ancillary administration, the order may be to pay the whole amount in his hands to the principal administrator. Gen. Sts. *c.* 101, § 39.

It was intimated in *Wiggin* v. *Swett,* 6 Met. 198, that if a balance were due to a former administrator, there might be real estate, liable to be sold on license by the administrator *de bonis non,* to pay such balance; and, we think, if it appeared on the settlement of his accounts that there was not personal estate in his hands sufficient to pay it, but that there was real estate undisposed of, the order for payment might be passed; and if he neglected to obtain license to sell, and to sell for that purpose, it would be mal-administration for which he would be liable upon his bond. But in the case now before us, the sale having been made, the only question is the application of the proceeds, which is to be determined upon the principles already stated.

The result to which we are brought upon these considerations is, that as it does not appear that the administrator *de bonis non* has settled his account, nor how much of the sum in his hands may be needed to defray his own charges of administration, which are entitled to a preference, the petition must be dismissed. Perhaps, and it is certainly to be hoped, the views we have expressed may enable the parties to effect a settlement without subjecting so small a fund to the expense of further litigation. *Petition dismissed.*

*T. M. Stetson,* for the petitioner.

*O. Prescott,* for the respondent.